## Drug Store Registration.

*Drug stores—Registration—Operation by one not a pharmacist—Acts of 1917 and 1927.*

Under section 1 of the Act of May 13, 1927, P. L. 1009, supplementing the Act of May 17, 1917, P. L. 208, requiring that every pharmacy or drug store shall be owned by a licensed pharmacist, any person or partnership owning and conducting a drug store at the time the act was passed may continue to so own and operate it, even though not a registered pharmacist.

Department of Justice. Opinion to Mr. Charles F. Kramer, Director, Division of Drug Store Registration, State Board of Pharmacy.

WAGNER, Dep. Att'y-Gen., July 14, 1927.—I beg to acknowledge receipt of your communication of July 13th, enclosing the application of Philip Walther and W. W. Davison, of Franklin, Pennsylvania, for the registration of and permit to conduct a pharmacy under the name or title of Curtis Drug Company, said application having been made in accordance with the provisions of the Act of May 26, 1921, P. L. 1172, being a supplemental act to the Act of May 17, 1917, P. L. 208, together with your file in this connection. You have requested that you be advised of the proper action to be taken upon this application.

Drug Store Registration.

The facts of the case, as I understand them, are the following:

Prior to April 30, 1927, a pharmacy, properly licensed by the State Board of Pharmacy, was conducted at 1209 Liberty Street, Franklin, Pennsylvania, by Guy H. Curtis under his own name. On April 30, 1927, Guy H. Curtis, by bill of sale, conveyed his pharmacy and drug store business at the above location to W. W. Davison. Immediately thereafter and prior to May 13, 1927, Mr. Davison sold an interest in the pharmacy to Philip Walther, and the business has since been conducted by Messrs. Walther and Davison under the name of Curtis Drug Company. Mr. Davison is not a registered pharmacist. Mr. Walther is a registered pharmacist, as is also Mr. Albert J. F. Shafer, who is employed in the pharmacy. The application which you have submitted to me is dated May 30, 1927, and is for a permit to conduct the above pharmacy for the period from July 1, 1927, to June 30, 1928.

No application has ever been made by, or permit granted to, Messrs. Walther and Davison to conduct this pharmacy for the period from May 1, 1927, to June 30, 1927.

The question which arises is whether this application should be granted in view of the approval on May 13, 1927, of Act No. 491 of 1927, which is a supplement to the Act of May 17, 1917, P. L. 208. The relevant portion of the supplemental act is as follows:

"Section 1. Be it enacted, etc., that every pharmacy or drug store shall be owned only by a licensed pharmacist, and no corporation, association or copartnership shall own a pharmacy or drug store unless all the partners or members thereof are licensed pharmacists, except that . . . any association or copartnership which, at the time of the passage of this act, still owns and conducts a registered pharmacy or pharmacies, or a drug store or drug stores in the Commonwealth, may continue to own and conduct the same, . . . and except that any person not a licensed pharmacist who, at the time of the passage of this act, owns a pharmacy or a drug store in the Commonwealth may continue to own and conduct the same. . . ."

The exceptions quoted above clearly show that it was the intention of the legislature that any partnership or person owning and conducting a pharmacy or drug store on May 13, 1927, should be permitted to continue to own and conduct the same, whether or not all of the partners of said partnership are registered pharmacists, and whether or not said person is a registered pharmacist. In view of the fact that Messrs. Walther and Davison owned and conducted the pharmacy, above referred to, before May 13, 1927, you are advised that their application for registration and permit should be granted.

Your attention is called, however, to the fact that the applicants are conducting a business under a fictitious name, i. e., Curtis Drug Company. This necessitates their being registered in accordance with the provisions of the Act of June 28, 1917, P. L. 645, as supplemented by the Act of June 20, 1919, P. L. 542, and amended by the Act of June 29, 1923, P. L. 979. In order that your records may show that this act has been complied with, it is suggested that you require for your files a properly certified copy of the certificate filed, as required by section 1 of the said act.

Your attention is likewise called to the fact that it appears that this business has been conducted by Messrs. Walther and Davison from May 1, 1927, to June 30, 1927, without a permit. Your board is, therefore, in a position to take any action which it may deem advisable to secure the payment of the fine provided for in section 4 of the supplemental Act of May 26, 1921, referred to above.

From C. P. Addams, Harrisburg, Pa.